|  |  |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE NORTHERN DISTRICT OF TEXAS<br>WICHITA FALLS DIVISION | **FILED**<br>June 8, 2020<br>KAREN MITCHELL<br>CLERK, U.S. DISTRICT<br>COURT |

**TERRENCE A. ROUNDTREE,** §
**TDCJ No. 01568921,** §
　　　　　　　　　　　　　　　　§
　　　Petitioner, 　　　　　　　§
　　　　　　　　　　　　　　　　§
v.　　　　　　　　　　　　　　§　　Civil Action No. 7:19-cv-00043-O-BP
　　　　　　　　　　　　　　　　§
**DIRECTOR, TDCJ-CID,** 　　　§
　　　　　　　　　　　　　　　　§
　　　Respondent. 　　　　　　§

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

　　　Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Terrence A. Roundtree ("Roundtree") on May 13, 2019, which the Court construes as his first amended petition. ECF No. 7. Roundtree, an inmate confined in the Robertson Unit of the Texas Department of Criminal Justice in Abilene, Texas, brings this action pursuant to 28 U.S.C. § 2254. *Id.* The petition was automatically referred to the undersigned for pursuant to Special Order No. 3. *See* ECF No. 2. After considering the petition and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Roundtree's petition for writ of habeas corpus, ECF No. 7.

　　　In his petition, Roundtree challenges the validity of disciplinary action no. 20190124809, which was brought against him at the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, for the offense of "Assault on staff without weapon/injury." ECF No. 7 at 5. Roundtree states that his disciplinary case resulted in forty-five days of restrictions on commissary; forty-five days of cell restrictions; and reduction of his status from a Line 2 to Line 3 designation. *Id*.

In support of his petition, Roundtree claims that the hearing officer did not review video footage as requested, did not require one of the detention officers to answer questions that Roundtree had submitted, and did not give due consideration to certain evidence. ECF No. 7 at 6. He also asserts that he was told that he should plead guilty to the disciplinary proceeding or he would "receive no leniency." *Id.* at 7. He claims that he was retaliated against for filing a grievance previously. *Id.* Roundtree seeks reversal of the disciplinary proceeding and an "update any [of] any possible eligibilities for parole review, custody and line class promotion." *Id.*

Roundtree has failed to state a colorable claim for habeas corpus relief. He has no constitutionally protected interest in his custodial classification or in his good-time earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (recognizing that "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [an inmate's] custodial status" and, thus, does not create a constitutionally protected liberty interest). Similarly, a reduction in good-time earning status will not support a due process claim because the timing of the inmate's release is too speculative to afford a constitutionally cognizable claim in a "right" to a time-earning classification. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Therefore, to the extent Roundtree's custodial classification was to improve in the future, the reduction in his line class status or in his good-time earning status does not warrant due process protection.

The loss of commissary privileges and imposition of a cell restriction that Roundtree sustained are changes in the conditions of confinement and do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary

incidents of prison life"). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardship in relation to the ordinary incidents of prison life. However, temporary restrictions such as those imposed on Roundtree do not raise such concerns.

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition for writ of habeas corpus be **DENIED**.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed June 8, 2020.

                                                       Hal R. Ray, Jr.
                                                       UNITED STATES MAGISTRATE JUDGE